UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 13 |
| Glenn McClister and Patricia A. McClister | Case No.: 16-11590-amc |

## STIPULATED ORDER BY AND BETWEEN GLENN AND PATRICIA A. MCCLISTER AND WELLS FARGO BANK, N.A.

WHEREAS, on March 9, 2016 Glenn McClister and Patricia McClister filed a joint Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania,

WHEREAS, on May 5, 2016 Wells Fargo Bank, N.A., through its undersigned counsel filed a Motion for Relief of the Automatic Stay (the "Motion)",

WHEREAS, all defined terms in the Motion are incorporated herein by reference,

WHEREAS, the parties hereto, by and through their undersigned counsel, have agreed to settle the Motion of Wells Fargo Bank, N.A. for Relief From the Automatic Stay and stipulate to the following terms:

1. Glenn McClister and Patricia McClister, hereinafter referred to as "Petitioners" will borrow or withdraw $25,000 from the retirement account listed on Schedule "B" of the Voluntary Petition and pay said sum to Wells Fargo by or before August 10, 2016 as an initial payment towards the Wells Fargo Debt (i.e. the amount of debt owed to Wells Fargo as of the Petition Date that is secured by the Equitable Lien on the property located and known as 421 Berkshire Road, Fairless Hills, Pennsylvania, 19030 (hereinafter referred to as "the Property). If

1

required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or other applicable law, the Petitioners shall file an appropriate motion with the Bankruptcy Court to obtain permission to make the $25,000 withdrawal referenced in this paragraph.

2. The balance of the Wells Fargo Debt will accrue interest at 6% per annum.

3. The balance of the Wells Fargo Debt will be paid directly to Wells Fargo by the Petitioners (i.e., "outside of the plan") in monthly installments until the 5th anniversary date of the bankruptcy filing (i.e. March 11, 2021), at which time the remaining balance of the Wells Fargo Debt will become due and payable in full.

4. The monthly installments pursuant to this Stipulation and the Amended Chapter 13 Plan will commence retroactive to August 1, 2016, with the first payment being due by no later than August 10, 2016.

5. All payments shall be made by or before the first of each and every month and are subject to a five (5) day grace period.

6. All payments shall be made payable to Wells Fargo Bank, N.A. and mailed to the the undersigned counsel for Wells Fargo until such time as Wells Fargo or its counsel sends the Petitioners' counsel a letter instructing the Petitioners to send such monthly payments to a different address.

7. To make up for the first four $1,500 installments that were not made since this case was commenced on March 11, 2016 (April through July 2016), the monthly installments for August 1, 2016 through July 1, 2017 will be $2,000 per month (with the $6,000 past due being caught up by adding $500 to each $1,500 payment for 12 months).

8. On August 1, 2017 the monthly payments will be reduced to $1,500 per month which amount will be paid each month thereafter until the 5 year anniversary date of the bankruptcy filing (March 11, 2021).

9. At Wells Fargo's discretion, the monthly installment payments will be applied first to accrued interest and then to principal. Wells Fargo may elect to apply all payments to principal and defer the collection of accrued interest to the maturity date of the Wells Fargo Debt (i.e., March 11, 2021).

10. On the 5th anniversary date of the bankruptcy filing, March 11, 2021, the balance of the Wells Fargo Debt must be paid in full.

11. If the Petitioners default on their payment obligations to Wells Fargo, Wells Fargo shall be permitted to file a certificate of default with the bankruptcy court that entitles it to immediate relief from the automatic stay to resume the sheriff's sale of the Property.

12. Upon approval of this Stipulation by the Bankruptcy Court, the Petitioners shall promptly file in their bankruptcy case an amended Chapter 13 plan that treats the payment of Wells Fargo's Proof of Claim in a manner that is consistent will all of the terms of this Stipulation (the "Amended Chapter 13 Plan").

13. The Amended Chapter 13 Plan shall include that the Petitioners shall pay the real estate taxes on the Property on a timely and current basis (and shall provide proof of payment to Wells Fargo upon request) and shall require them to maintain adequate hazard insurance coverage on the Property in an amount acceptable to Wells Fargo and Wells Fargo shall be named as the mortgagee on the declarations page of their insurance policy until such time as the Wells Fargo Debt is paid in full. Wells Fargo's right to any hazard insurance proceeds that might become payable under any such insurance policy shall be determined by the right to such

3

insurance proceeds that is provided in the Mortgage to the same extent as if that term of the Mortgage was enforceable by Wells Fargo against the Petitioners but for the forged signature on the Mortgage.

14. The Amended Chapter 13 Plan shall also provide that in the event the Petitioners fail to pay the real estate taxes or the insurance premiums for the Property on a timely basis, Wells Fargo shall have the right to make advances for those purposes and any such advances shall be added to the Wells Fargo Debt and shall be payable upon demand. If such advances are not paid on demand, such failure shall constitute a default on the Petitioners' payment obligations to Wells Fargo under Paragraph 11 above, and Wells Fargo shall be entitled to file a petition in the State Court Equity Action to the increase the amount of the Equitable Lien by the amount of all such unreimbursed advances.

15. Both the Equitable Lien and the Wells Fargo Mortgage will remain of record until the entire Wells Fargo Debt is paid in full.

16. In consideration of the instant Stipulation, Wells Fargo will stay any pending Sheriff's Sale of the Property.

[Intentionally left blank]

STIPULATED AND AGREED TO BY:

_____    Date: 8/8/16
Brad J. Sadek, Esquire
Counsel for Glenn and Patricia A. McClister

_____    Date: 8/8/16
Steven J. Adams, Esquire
Counsel for Wells Fargo Bank, N.A.

On this __9th__ day of __August__, 2016, approved by the Court.

_____
                            J.