UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| GLENN MCCLISTER and PATRICIA A. MCCLISTER, | : NO. 16-11590-amc |
| Debtors | : |

**OBJECTION OF WELLS FARGO BANK, N.A.
TO CHAPTER 13 DISCHARGE BEING GRANTED AT THIS TIME**

Wells Fargo Bank, N.A. ("**Wells Fargo**"), objects to the Court granting the Debtors a Chapter 13 discharge at this time, and in support thereof avers as follows:

**I. INTRODUCTION**

1. Debtors Glenn and Patricia A. McClister ("**Debtors**") commenced this bankruptcy case on March 9, 2016 (the "**Petition Date**") by filing a voluntary petition for relief under Chapter 13 of Title 11, United States Code (the "**Bankruptcy Code**").

2. On November 18, 2016, the Debtors filed with the Court their Second Amended Chapter 13 Plan (the "**Plan**"). A true and correct copy of the Plan is attached hereto as Exhibit "A."

3. The Plan incorporated the payment terms set forth in a settlement stipulation that had been entered into by Wells Fargo and the Debtors, and that was approved by the Court on August 9, 2016, that resolved all issues with respect to the payment of Wells Fargo's secured claim that had previously been raised by Wells Fargo in a motion for relief from the automatic stay and in its objection to confirmation of the Debtors' original Chapter 13 plan (the "**Stipulation**"). [See Docket Nos. 17, 23 and 27-28]. A true and correct copy of the Stipulation

1

is attached hereto at Exhibit "B." A true and correct copy of Wells Fargo's Proof of Claim is attached hereto as Exhibit "C."

4. The Plan, as supplemented by the Stipulation, provided for total payments to the Chapter 13 trustee of $4,550.00 and for direct monthly payments to Wells Fargo consisting of (i) monthly payments over a period of fifty nine (59) months ($2,000 per month through July 1, 2017 and thereafter $1,500 per month) and (ii) a balloon payment on the fifth anniversary date of the commencement of this Bankruptcy Case for the balance still due and owing to Wells Fargo at that time with respect to its claim. [See Plan, ¶¶ 1 and 6].

5. At the time the Plan was filed, the Debtors had already paid to the Chapter 13 Trustee the $4,550.00 provided for in Paragraph 1 of the Plan, thus the only entity to whom performance under the Plan remained due was Wells Fargo – to whom direct payments were to be made as provided for in Paragraph 6 of the Plan.

6. The Plan states that the length of the Plan was to be 60 months, which is consistent with the Debtor's direct payment agreement with Wells Fargo that is set forth in the Stipulation and that is incorporated by reference into Paragraph 6 of the Plan. [See Plan, ¶¶2 and 6].

7. The Plan provides that secured creditors shall retain their mortgage or lien in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law or (b) discharge under 11 U.S.C. § 1328. [See Plan, ¶ 3(a)].

8. Wells Fargo accepted the Plan and the Plan was confirmed by Court on December 20, 2016. [Docket Nos. 39 and 41].

9. On April 13, 2017, the Chapter 13 Trustee filed his Final Report and Account with respect to his involvement in the administration of the Debtors' Chapter 13 plan, and

requested that the Chapter 13 Trustee be discharged of any further duties with respect to the Debtors' estate. [Docket No. 46].

10. On April 17, 17, 2017, the Court issued a notice to the Debtors, the Debtors' counsel, the Chapter 13 Trustee and all creditors and parties in interest that the Chapter 13 Trustee had filed his Final Report and Account and that any answer or objection or request for hearing with regard to the discharge of the Debtors had to be filed with the Court by May 17, 2017. [Docket No. 47].

11. Wells Fargo objects to the entry of an order at this time granting the Debtors a discharge of their debts under 11 U.S.C. § 1328(a) for the reasons set forth below.

## II. OBJECTION TO GRANT OF CHAPTER 13 DISCHARGE AT THIS TIME

12. Section 1328(a) of the Bankruptcy Code provides that as soon as practicable **after** completion by the debtor of all payment under the plan, the court shall grant the debtor a discharge of all debts provided for by the plan. 11 U.S.C. § 1328(a).

13. The Debtors are not entitled to a discharge at this time under Section 1328(a) because they have not yet completed making all of the payments the Plan requires them to make directly to Wells Fargo.

14. The fact that the Debtors have made all of the payments that the Plan requires them to make to the Chapter 13 Trustee does not obviate the need for the Debtors to complete all other payments due under the Plan before they are entitled to a discharge under Section 1328(a).

15. The Plan expressly states that its length is 60 months and the Plan provides for direct monthly payments to Wells Fargo and a final balloon payment that will become due on the fifth anniversary date of the commencement of this Bankruptcy Case.

16. The Debtors will not complete all of the payments under the Plan until they have made all of the direct payments to Wells Fargo required by the Plan.

3

17. In addition, the secured debt owed to Wells Fargo that is provided for by the Plan is not long term debt that is excepted from a Chapter 13 discharge pursuant to Section 1328(a)(1) because Wells Fargo's lien on the Debtors real property located at 421 Berkshire Road, Fairless Hills, Pennsylvania (as more fully defined below, the "**Property**") arises out of an equitable lien and judgment that were imposed against the Property by the Court of Common Pleas of Bucks County in the matter of <u>Glenn McClister v. Wells Fargo and Patricia McClister</u>, No. 2010-13314, Court of Common Pleas of Bucks County, Pennsylvania (the "**State Court Equity Action**"). [See Claims Register, Claim No. 2, Wells Fargo Proof of Claim].

18. Thus, if the Debtors are granted a discharge before they have completed all of the payments the Plan requires them to make directly to Wells Fargo, Wells Fargo's will lose its lien against the Property by operation of Paragraph 3(a) of the Plan – a result obviously not contemplated by the Debtors or Wells Fargo and that is contrary to the terms of the Stipulation as incorporated into Paragraph 6 of the Plan.

4

SL1 1462675v1 104945.00687

WHEREFORE, Wells Fargo Bank, N.A., objects to the entry of an order at this time granting the Debtors a discharge under Section 1328(a) of the Bankruptcy Code, and the entry of such an order should be deferred until such time as the Debtors have completed all of the direct payments that they are required to make to Wells Fargo under the Plan. Wells Fargo further prays for such other and further relief as is just and proper.

STEVENS & LEE

DATED: May 9, 2017

By: */s/ Steven J. Adams*
Steven J. Adams, Esquire
Attorney I.D. No. 56293
111 N. Sixth Street
P.O. Box 679
Reading, PA 19603-0679
Tele:(610) 478-2133
Fax: (610) 988-0841
Email: sja@stevenslee.com

*Attorneys for Wells Fargo Bank, N.A.*

SL1 1462675v1 104945.00687